[969 NE2d 207, 946 NYS2d 91]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS
B. YUSON, Appellant.

Decided May 1, 2012

APPEARANCES OF COUNSEL

*Timothy P. Donaher, Public Defender*, Rochester (*Janet C. Somes* of counsel), for appellant.

*Michael C. Green, District Attorney*, Rochester (*Kelly Christine Wolford* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be modified by vacating the sentence and remitting the case to County Court for resentencing in accordance with this memorandum and, as so modified, affirmed.

On November 30, 2007, defendant pleaded guilty, as a first time felony offender, to assault in the second degree (Penal Law § 120.05 [2]), a class D violent felony offense (*see* Penal Law § 70.02 [1] [c]). County Court promised defendant that it would impose a determinate sentence of imprisonment of $3^1/_2$ years with the "minimum" allowable postrelease supervision (PRS) term. At sentencing, County Court imposed a five-year term of PRS.

Defendant maintains that the court erred when it imposed a five-year PRS term. We agree. It is true that Penal Law § 70.45 (2) generally provides that the term of PRS for a determinate sentence shall be five years. Penal Law § 70.45 (2) (e), however, states the term of PRS

> "shall be not less than one and one-half years nor more than three years whenever a determinate sentence of imprisonment is imposed pursuant to subdivision three of section 70.02 of this article upon a conviction of a class D or class E violent felony offense."

Penal Law § 70.02 (3) sets forth the sentencing ranges courts must adhere to when imposing a determinate sentence of imprisonment on a first time felony offender. For a class D violent felony, the imprisonment term "must be at least two years and must not exceed seven years" (Penal Law § 70.02 [3] [c]). Since defendant was sentenced in accordance with Penal Law § 70.02 (3) (c), the imposition of a five-year PRS term was improper. The People's argument that Penal Law § 70.02 (4) required County Court to impose a five-year PRS term has no merit. Subdivision (4) of section 70.02 merely provides that a determinate sentence of imprisonment must be imposed under certain circumstances.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order modified, etc.